738

## COLUMBIA BASIN ORCHARD et al. v. UNITED STATES.
### No. 48674.

United States Court of Claims.
March 6, 1950.

Charles L. Powell, Kennewick, Wash., for the plaintiffs. Moulton & Powell, Kennewick, Wash., were on the briefs.

William H. Veeder, Washington, D. C., with whom was Assistant Attorney General A. Devitt Vanech, for the defendant.

Before JONES, Chief Judge and WHITAKER, HOWELL, MADDEN, and LITTLETON, Judges.

WHITAKER, Judge.

Plaintiffs sue for the taking of their orchard by the defendant. Plaintiff Columbia Basin Orchard was the owner of the orchard, the Seattle Association of Credit Men held a mortgage on it, and the Perham Fruit Corporation also held a mortgage on it. In the following discussion we disregard the interests of the Seattle Association of Credit Men and the Perham Fruit Corporation, and consider the case as if the Columbia Basin Orchard Company were the sole plaintiff. The acts done by the defendant, which it is alleged constitute a taking, are as follows:

The defendant was in the process of the construction of the Grand Coulee Dam in the State of Washington. As a part of this project it decided to construct an "equalizing reservoir" in the bed of the Grand Coulee above the Dam. To ascertain whether or not the bed of the Grand Coulee was suitable for this reservoir, the defendant sank what is known as Ankeny Shaft. Subterranean water was encountered and it was necessary to pump it out. This was done, some 2,128 acre-feet of water.

Plaintiffs say this water flowed down into Orchard Lake, which helped to flood the lake and to cause its waters to become commingled with the waters of a spring which plaintiff used to irrigate its orchard. The waters of this lake, plaintiffs say, were alkaline and rendered alkaline the waters of the spring to such an extent that when distributed over the orchard area it seriously damaged the trees. The water from Orchard Lake did not overflow the orchard, but it did find its way into the waters of the spring. When it seemed imminent that the spring might be flooded by the waters from the lake, plaintiff, Columbia Basin Orchard, built a dike around the spring, but the waters from the lake seeped through the dike into the spring water. The water in the spring was contaminated by the water from the lake from April 16, 1940, to some date prior to June 15, 1940. While the water of the spring was contaminated with water from the lake, plaintiff twice irrigated its orchard with water from the spring. This water distributed

over the orchard by plaintiff is alleged to have seriously damaged the trees.

Plaintiffs, to establish their case, are confronted with several obstacles. It is necessary for us to first consider whether we have jurisdiction of the controversy. The defendant says we do not have jurisdiction because, among other reasons, the claim is barred by the statute of limitations.

■ In this court this is a jurisdictional question. Congress has consented that the United States may be sued on the condition that the suit be brought within six years from the time the cause of action accrues. If not brought within that time, neither this court nor any other court has jurisdiction to entertain the action. This being a jurisdictional question, we must consider it first.

Defendant pumped the water out of the Ankeny Shaft not later than April 1940, and the spring water was contaminated with water from Orchard Lake from this time until not later than June 15, 1940. Plaintiff's claim for the taking of its orchard is based upon the contamination of the waters of the spring with which it irrigated its orchard. As stated above, none of the water from Orchard Lake overflowed onto the orchard. If defendant took any of plaintiff's property, this property was the spring. Plaintiff is entitled to recover for the damage to its orchard, if at all, only on the theory that the damage to it was a consequence of the taking of the spring.

By June 15, 1940, the spring water was no longer contaminated by water from Orchard Lake, and, hence, it would seem that the statute of limitations began to run not later than that date. Plaintiffs' petition was filed May 17, 1948, more than six years later.

Plaintiffs however, say that the Supreme Court in United States v. Dickinson, 331 U.S. 745, 67 S.Ct. 1382, 91 L.Ed. 1789, held that it was not necessary for a landowner to begin his action as soon as the act had been done which made damage to one's property imminent, but that the owner had the right to wait until the extent of the damage had been ascertained. In that case the defendant had erected a dam which created a pool of water which it appeared would eventually overflow a part of the property of the plaintiff in that case. The defendant insisted that plaintiff's cause of action accrued when the dam was constructed, but the Supreme Court held that plaintiff was not obliged to sue until he had ascertained to what extent his property would be flooded.

We think plaintiffs in this case are carrying too far the principle laid down in the Dickinson case. The waters of the spring were not contaminated by water from the lake after June 15, 1940. The taking of the spring—if there was a taking—took place between this date and April 16, 1940. If the defendant can be said to have taken plaintiff's spring, of course plaintiff is entitled to recover any damage to its other property which was the natural consequence of the taking of the spring. But we do not think the Supreme Court, in the Dickinson case, meant to hold that plaintiff was entitled to wait until any possibility of further damage had been removed. In 1940 plaintiff's trees began to deteriorate, and in 1941 the trees had so far deteriorated that plaintiff determined not to try to make a commercial crop and sprayed tar oil on the trees to kill the bloom. Plaintiff, therefore, knew not later than 1941 that something had damaged its trees to such an extent that it was unprofitable to continue to operate it as an orchard, and it never did so thereafter.

If in fact the water from Orchard Lake had so contaminated the water of the spring as to produce this result, plaintiff knew in 1941 that this had been done. It was not entitled to wait to see whether or not the trees would recuperate. The damage, if any, was done in 1940, and in that year plaintiff's cause of action accrued. The petition was not filed until May 17, 1948. This was more than six years after the defendant had done the act of which plaintiff complains, and more than six years after plaintiff knew that its trees had been damaged to such an extent that it was unprofitable to undertake to produce a crop.

■ We are of opinion that plaintiff's claim is barred by the statute of limitations

and, therefore, that we have no jurisdiction of the cause of action.

A number of other defenses are raised by the defendant, but we do not consider them because we think we have no jurisdiction to do so.

Plaintiffs' petition will be dismissed.

HOWELL, MADDEN, and LITTLETON, JJ., and JONES, C. J., concur.